Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
21163 Newport Coast Drive #206
Newport Coast, CA 92657
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Melody Idelia Onwiler,<br><br>        Plaintiff,<br>    v.<br><br>Redding Colt 45s Baseball, Inc.,<br><br>        Defendant. | Case No.<br><br>**COMPLAINT FOR AN INJUNCTION AND DAMAGES FOR CIVIL RIGHTS VIOLATIONS** |

Plaintiff Melody Idelia Onwiler ("Plaintiff") alleges the following:

## INTRODUCTION

Plaintiff brings this action against defendant Redding Colt 45s Baseball, Inc. ("Defendant") for unlawfully and intentionally discriminating against Plaintiff because of Plaintiff's disability and denying Plaintiff full and equal access to the Redding Colt 45s baseball game located at 1250 Parkview Avenue in Redding, California ("Baseball Game").

## PARTIES

1. Plaintiff is a natural person. Plaintiff is disabled within the meaning of the Americans with Disabilities Act and the Unruh Civil Rights Act.

2. Defendant is a California corporation with its principal address in Redding, California. At all times relevant to this complaint, Defendant owned, managed, operated, and/or otherwise was responsible for the Baseball Game.

**JURISDICTION AND VENUE**

3. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., a law of the United States.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the federal claims that they form part of the same case or controversy.

5. Venue is proper in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, and because Defendant conducts business in this judicial district. Specifically, Defendant resides in, and conducts business in, Redding, California.

**FACTUAL ALLEGATIONS**

6. Plaintiff is a disabled individual. Specifically, Plaintiff suffers from diabetes, which substantially limits one or more of Plaintiff's major life activities.

7. At all times relevant to this Complaint, Plaintiff used a trained service animal, a German Shepherd named Mochi, to mitigate the effects of her disability.

8. Mochi is a service animal within the meaning of the ADA, having been individually trained to perform work and tasks for Plaintiff's benefit, specifically blood sugar alert services related to Plaintiff's diabetes.

9. The Baseball Game is a public accommodation, specifically a place of exhibition or entertainment, and is a business establishment.

10. On or about July 18, 2025, Plaintiff visited the Baseball Game with her godbrother, a United States Marine Corps veteran, to attend a baseball game with a church group.

11. Plaintiff had never visited the Baseball Game before and wished to attend the game as part of the church group outing.

12. Upon arrival at the Baseball Game, Plaintiff was accompanied by her trained service animal, Mochi, who was under Plaintiff's control and behaving appropriately.

13. At the entrance to the Facility, Plaintiff was confronted by a security guard believed to

be employed by Defendant.

14. Defendant's security guard denied Plaintiff entry to the Facility with Mochi, stating that Defendant had not allowed any dogs into the Baseball Game in years.

15. After some additional discussions with Defendant's security guard, Plaintiff attempted to explain to the security guard that Defendant's denial of access to her service animal violated the ADA.

16. The security guard then improperly asked Plaintiff what her disability was.

17. Plaintiff requested to speak with a manager.

18. An individual who identified himself as the manager, later identified as Rick Bosetti, came out to speak with Plaintiff.

19. Mr. Bosetti is believed to be an agent of Defendant.

20. Mr. Bosetti insisted that Plaintiff tell him what her disability was, stating that Defendant only allows service animals for three specific disabilities.

21. Mr. Bosetti further stated that Mochi was required to have a vest with paperwork stating that the dog could perform tasks for diabetes.

22. Plaintiff correctly informed Mr. Bosetti that such paperwork and vests are not required under the ADA.

23. Mr. Bosetti responded that Defendant had "seen it before" and that he was not going to argue with Plaintiff.

24. Mr. Bosetti stated that Plaintiff could not enter the Facility with her service animal and walked away.

25. Plaintiff attempted to show Mr. Bosetti the Department of Justice ADA FAQ document regarding service animals, but he refused to look at it.

26. Mr. Bosetti stated that Defendant had not let dogs into the Baseball Game "in years" and would not "start now" and that Defendant was "going to do what they've always done."

27. Throughout these interactions, Plaintiff remained calm, respectful, and did not raise her voice or act disrespectfully toward any of Defendant's employees or agents.

28. Both the security guard and Mr. Bosetti were extremely rude to Plaintiff throughout

1 these interactions.

2    29.   Due to the continued extreme heat, Defendant's refusal to allow Mochi into the Baseball Game, Plaintiff was forced to leave the Baseball Game to take Mochi home.

30.   Defendant's employees and agents interrogated Plaintiff about the nature of her disability, demanded documentation and a vest that are not required by law, and ultimately denied Plaintiff full and equal access to the Baseball Game's goods, services, facilities, privileges, advantages, and accommodations solely because of her use of a service animal.

31.   Defendant's conduct was intentional, willful, and in blatant disregard of Plaintiff's rights under federal and state law.

32.   Defendant has a policy or practice of excluding all dogs, including trained service animals, from the Baseball Game, as evidenced by the statements of Defendant's security guard and manager that Defendant has not allowed dogs into the Facility "in years."

33.   Defendant's blanket policy of excluding service animals constitutes intentional discrimination against persons with disabilities in violation of the ADA and California law.

34.   As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff suffered damages, including but not limited to humiliation, embarrassment, emotional distress, loss of dignity, and denial of her civil rights.

35.   Plaintiff desires to return to the Baseball Game for future baseball games and entertainment events but is unable to do so without her service animal and is deterred from returning due to Defendant's discriminatory policy and practice.

**FIRST CAUSE OF ACTION**

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

36.   Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

37.   Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182(a), provides that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public

accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

38. At all times relevant to this Complaint, Plaintiff was an individual with a disability.

39. At all times relevant to this Complaint, Mochi was a service animal individually trained to perform work and tasks directly related to Plaintiff's disabilities.

40. At all times relevant to this Complaint, Defendant was a place of public accommodation.

41. ADA regulations provide that a public accommodation shall modify its policies, practices, or procedures to permit the use of a service animal by an individual with a disability.

42. On July 22, 2025, Defendant intentionally discriminated against Plaintiff on the basis of her disability by denying Plaintiff full and equal access to the baseball game because Plaintiff was accompanied by her service animal.

43. Defendant had no legitimate reason to deny Plaintiff full and equal access based on the presence of Mochi.

44. Defendant's policy or practice of refusing full and equal access to individuals accompanied by service animals screens out individuals with disabilities from fully and equally enjoying Defendant's goods services.

45. Defendant's conduct was intentional and willful.

46. Defendant's violations of the ADA are ongoing and continuing, causing Plaintiff irreparable injury for which there is no adequate remedy at law.

47. Pursuant to 42 U.S.C. § 12188, Plaintiff is entitled to injunctive relief, including an order requiring Defendants to modify their policies, practices, and procedures to permit the use of service animals by individuals with disabilities; train all employees regarding their obligations under the ADA to accommodate individuals with disabilities who use service animals, implement written policies prohibiting discrimination against individuals with disabilities who use service animals; and take any other actions necessary to ensure compliance with Title III of the ADA.

48. Pursuant to 42 U.S.C. § 12205, Plaintiff is entitled to reasonable attorney's fees and costs.

**SECOND CAUSE OF ACTION**

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51 et seq.

49. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

50. California Civil Code section 51 provides: "All persons within the jurisdiction of this state are free and equal, and no matter what their... disability... are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

51. California Civil Code section 51 provides in relevant part: "A violation of the right of any individual under the federal Americans with Disabilities Act of 1990... shall also constitute a violation of this section."

52. The Baseball Game owned, operated, managed, controlled, and/or sponsored by Defendant constitutes a business establishment and a place open to the general public within the meaning of the Unruh Civil Rights Act.

53. At all relevant times, Plaintiff was an individual with a disability within the meaning of California Civil Code section 51.

54. At all relevant times, Plaintiff's service dog was a service animal within the meaning of California Civil Code section 54.1.

55. Defendant's denial of Plaintiff's access to the Baseball Game violated Plaintiff's rights under California Civil Code sections 51.

56. Defendant's conduct also constitutes a violation of Plaintiff's rights under the Americans with Disabilities Act and therefore also violates California Civil Code section 51, subdivision (f).

57. Defendant's actions were intentional, willful, and done in conscious disregard of Plaintiff's rights.

58. As a direct and proximate result of Defendant's violation of the Unruh Civil Rights Act, Plaintiff has suffered and continues to suffer damages, including but not limited to humiliation, embarrassment, emotional distress, mental anguish.

59. Pursuant to California Civil Code section 52, subdivision (a), Plaintiff is entitled to statutory damages in the amount of not less than four thousand dollars ($4,000) for each violation of his rights under the Unruh Civil Rights Act.

60. Pursuant to California Civil Code section 52, subdivision (a), Plaintiff is entitled to recover her attorney's fees and costs incurred in bringing this action.

## **PRAYER**

Plaintiff hereby prays for the following:

1. An injunction requiring Defendant to modify their policies, practices, and procedures to permit the use of service animals by individuals with disabilities; train all employees, including security guards, regarding their obligations under the ADA to accommodate individuals with disabilities who use service animals; implement written policies prohibiting discrimination against individuals with disabilities who use service animals; and take any other actions necessary to ensure compliance with Title III of the ADA;

2. Damages of no less $25,000;

3. Attorney's fees pursuant to 42 U.S.C. § 12205, California Civil Code § 52, and/or other statute(s), expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: February 11, 2026

Law Office of Rick Morin, PC

_____
Richard Morin
Attorney for Plaintiff